UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BERKLEY INSURANCE COMPANY, a Delaware corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>PILOT WEST CORPORATION, an Arizona corporation; DURANGO FAMILY LIMITED PARTNERSHIP; SUMMIT CRUSHING, LLC, a revoked Nevada limited liability company; J & M DEVELOPMENT, INC., a revoked Nevada corporation,<br><br>     Defendants. | Case No. 1:16-cv-00178-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff's Motion for Order of Default Against Pilot West Corporation and Default Judgment Against All Defendants (Dkt. 19), which includes a request for attorney fees and costs. For the reasons stated below, the Court will grant the Motion in part, and reserve in part.

## BACKGROUND

This is an action for breach of an indemnity agreement. Berkley is a commercial surety that issued various surety bonds on behalf of Pilot West, a construction services company. In partial consideration for the posting of the surety bonds, Defendants

**ORDER - 1**

executed in favor of Berkley a General Agreement of Indemnity dated July 25, 2012. Under the Indemnity Agreement, Defendants agreed to jointly and severally hold Berkley harmless against any and all losses, liability, damages of any type, costs, fees, and expenses that Berkley incurs in connection with the Bonds.

Pilot West has failed to perform its obligations under six bonded construction projects and, as a result, Berkley has made claim payments and incurred other costs and expenses. Defendants, upon Plaintiff's demand for indemnification under the Indemnity Agreement, have failed and refused to respond to the demand.

On April 28, 2016, Berkley commenced the present action seeking damages and specific performance under the Indemnity Agreement. The summons and complaint were served on Defendant Pilot West's registered agent on May 5, 2016. Dkt. 8. After being informed that Pilot West's registered agent had resigned, Berkley then served Pilot West with a copy of its summons and complaint via certified mail on June 16, 2016, in accordance with Fed. R. Civ. P. 4(e)(1) and I.R.C.P 4(d)(4)(B). The remaining five Defendants were served with the summons and complaint, but failed to file an answer or otherwise defend, resulting in the Clerk's entry of default on June 22, 2016. *See Clerk's Entry of Default,* Dkt. 16.

Plaintiff now brings this Motion for an Order of Default against the remaining Defendant, Pilot West Corporation, and for Default Judgment against all Defendants. Dkt. 19. Plaintiff seeks damages against Defendants, jointly and severally, totaling $864,741.17, to recover sums already expended by Plaintiff in discharge of its obligations

as payment bond surety, together with supplemental judgments at such time and under such circumstances as claims are adjusted and satisfied by Plaintiff, and on further notice to Defendants.  Plaintiff also seeks a decree for specific performance of the terms and conditions of the Indemnity Agreement, including: (a) the posting of collateral security; (b) the procurement of a discharge from the bond; and (c) the furnishing of competent evidence of Berkley's discharge, without loss under the bond. Finally, Plaintiff seeks attorney fees and costs.

Although all Defendants have been properly served with the complaint in this matter and presumably also received the Motion for Default, the Clerk's entry of default, and the pending motion for default judgment, the Defendants have failed to submit any pleadings or otherwise defend against this action as of the date of this Order.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a party can apply to the district court for entry of judgment by default after the clerk has entered the party's default based on its failure to plead or otherwise defend itself. Whether to enter default judgment is in the sole discretion of the court. *See Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956). In *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), the Ninth Circuit identified seven factors for the court to consider in exercising its discretion to enter default judgment: (1) potential prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the amount at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

excusable neglect; and (7) the strong policy underlying the Federal Rules favoring a decision on the merits. *Id.* at 1471–72.

Additionally, where a party is in default, all well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Rule 55(b)(2) states that the Court "may" conduct a hearing prior to entering a default judgment. The Court is not required to do so if the record reveals no issue of material fact. *Kashin v. Kent*, 457 F.3d 1033, 1043 (9th Cir. 2006).

## DISCUSSION

### A.     Application of Eitel Factors

The majority of the *Eitel* factors support a default judgment on Plaintiff's claims. Regarding factor (1)—prejudice to the Plaintiff—if the Court wholly denied the motion, Berkley Insurance would be left without a remedy given Defendants' failure to appear and defend themselves. As for factors (5) and (6), by virtue of Defendants' failure to appear, there is no evidence of a potential disputed material fact or meritorious defense, or that Defendants' default was due to excusable neglect. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Factors (2) and (3), regarding the sufficiency and merits of Plaintiff's claims, also favor a default judgment. The Court has reviewed the Complaint and is satisfied that it sets forth a viable cause of action for breach of contract. The Complaint specifically pleads that (a) Defendants entered into an Indemnity Agreement pursuant to which they

promised to indemnify Berkley Insurance in connection with the surety bonds; (b) Berkley Insurance incurred substantial losses and expenses on those bonds, and faces the prospect of significant further liabilities; and (c) Defendants failed to perform their indemnification and other obligations to Berkley Insurance. Because these well-pleaded factual allegations are deemed admitted by virtue of Defendants' default, the Court finds that the allegations in the Complaint adequately establish the merits of Plaintiff's breach of contract claim.

Two factors weigh against default judgment. First, as to factor (4), Plaintiff is seeking over $864,741, which is a relatively large amount. In addition, factor (7)—the policy favoring decisions on the merits—weighs against default judgment.

On examination of each of the *Eitel* factors, the Court concludes that on balance, default judgment against Defendants is appropriate.

## B.    Calculation of Damages

While the factual allegations in the complaint must be accepted as true, the Court must make an independent determination of the damages for which Defendants are liable. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

Berkley Insurance, in its motion for default judgment, is seeking the following relief: (1) claim payments, consulting fees, legal fees and costs, and expenses totaling $864,741.12; (2) a reserve in the amount of $50,000 for outstanding claims; (3) an injunction against all defendants to perform all terms and conditions of the Indemnity Agreement; (4) and for attorney fees and costs in bringing this action. Dkt. 19.

ORDER - 5

Notwithstanding the propriety of a default judgment, the Court finds the proofs submitted in support of the motion are inadequate to support an award of damages at this time. First, as to the request for $864,741.12 in claim payments and related costs, Berkley Insurance relies primarily on the following conclusory statement in the Complaint regarding amounts paid:

> With respect to the State of Washington contractor surety bond, Bond No. 0172471, claims have been made and Berkley has paid the sum of $12,000. With respect to the City of Orville Project, Bond No. 1178221, claims have been made and Berkley has paid the sum of $66,603.70. With respect to the City of Pullman Bond, Bond No. 0183438, claims have been made and Berkley has paid the sum of $423,324.87. With respect to the Oden Water Association Bond, Bond No. 0183439, claims have been made and Berkley has paid the sum of $4,244.37. With respect to the City of Whitefish Bond, Bond No. 0188994, claims have been made and Berkley has paid the sum of $252,949.91. Finally, with respect to the Bonner County Road Department Bond, Bond No. 0183446, the County has filed a claim and has filed litigation seeking the penal sum of the bond, $50,000. Berkley has also incurred legal and consulting fees in responding to and investigating the claims against the Bonds in the amount of $106,018.32.

*Compl.* at ¶ 16, Dkt. 1. Berkley Insurance also submits a single Exhibit which appears to be an internal document listing Pilot West's outstanding surety bonds. That Exhibit lists the bond amounts but provides no documentation of any claims paid out under these bonds. *Id.* at Ex. A. Berkley Insurance has failed to submit invoices, claim documents, or other documentary support substantiating these claims or indicating how the damage amounts were calculated.

Furthermore, the Court is unprepared to determine Plaintiff's entitlement to any sums resulting from "further claims [that] may be made against the Bond in amounts currently unknown, but in an amount of no less than $50,000 . . . ." *Id.* at ¶ 20. Plaintiff is

**ORDER - 6**

directed to submit additional documentation demonstrating expenses actually incurred or anticipated under bond not already encompassed in the $864,741.12 figure above, including but not limited to the Bonner County Road Department Bond, Bond No. 0183446.

Finally, Plaintiff has provided insufficient authority as to its entitlement to attorney fees. Federal Rule of Civil Procedure 54(d)(2)(B) states that a claim for attorney fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Plaintiff contends that "under the terms of the Indemnity Agreement, Berkley is entitled . . . to its reasonable attorney fees which may be awarded by the court." *Compl.* at ¶ 23. However, Plaintiff has failed to submit a copy of the parties' Indemnity Agreement to support this assertion that it entitles Berkley Insurance to attorney fees.

Therefore, Plaintiff is directed to submit supplemental evidence (in the form of affidavits and supporting exhibits) to support and clarify its requests for damages and attorney fees. The evidentiary submissions shall include, at minimum, (1) the parties' General Agreement of Indemnity dated July 25, 2012 and (2) invoices or detailed affidavits, or both, documenting the claims paid and any legal and consulting fees incurred in responding to such claims.

## CONCLUSION

The Court finds in this Order that entry of default judgment against all Defendants is appropriate. However, in light of the foregoing evidentiary deficiencies, the Court

reserves its ruling as to the amount and form of that judgment. Plaintiff is ordered to file supplementary evidence in support of its request for damages and attorney fees on or before **December 16, 2016.** Should those materials be sufficient to comport with the requirements set forth above, the Court will enter default judgment accordingly.

**ORDER**

**IT IS ORDERED THAT:**

1.     Plaintiff's Motion (Dkt. 19) is **GRANTED** insofar as it seeks an entry of default as to Defendant Pilot West. It appearing by affidavit from the record that the summons and complaint have been served upon Pilot West, and that Pilot West has failed to plead or otherwise defend this action, the Clerk of Court shall enter an Order of Default against Defendant, pursuant to Federal Rule of Civil Procedure 55(a).

2.     Plaintiff's Motion (Dkt. 19) is **RESERVED** as to Plaintiff's request for default judgment. Consistent with the above Memorandum Decision, Plaintiff shall file supplementary evidence in support of its motion on or before **December 16, 2016.**

DATED: November 30, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**ORDER - 8**